NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AMBOY BANCORPORATION, a New Jersey Corporation, | : : : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : : | **OPINION** |
| v. | : : | Civil Action No. 02-CV-5410 (DMC) |
| JENKENS & GILCHRIST, a Professional Corporation, and THE BANK ADVISORY GROUP, INC., a Texas Corporation, | : : : | |
| Defendants. | | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter coming before the Court upon a motion by Jenkins & Gilchrist ("Defendant"), for reconsideration of this Court's January 11, 2006 Opinion and Order denying Defendant's motion for summary judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure; oral argument was heard on March 20, 2006; this Court having carefully reviewed all submissions; and for the reasons set forth below, Defendant's motion is **denied**.

### I. Background

The facts of this matter are described in detail in this Court's January 11, 2006 Opinion. In the interest of judicial economy, the facts will not be restated in this Opinion. On January 24, 2006, Defendant filed a Motion for Reconsideration and now requests this Court to reconsider that which it previously decided. Co-defendant the Bank Advisory Group, Incorporated, did not

join in this motion.

## II. Discussion

### A. Standard for Reconsideration

Under Rule 59 of the Federal Rules of Civil Procedure, a plaintiff must satisfy a high standard in order to have a judgement altered or amended. In North River Insurance Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995), the Court stated that a Rule 59 motion for an amended judgment must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence that was previously unavailable; or (3) the need to either correct a clear error of law or prevent a manifest injustice. A motion for reconsideration is regarded as "the functional equivalent of a Rule 59 motion. . . to alter or amend judgment." Venen v. Sweet, 758 F. 2d 117, 122 (3d Cir. 1985).

### B. Local Rule 7.1

Although Rule 59 allows for a judgment to be altered, there is no express provision in the Federal Rules of Civil Procedure for a judicial decision to be reconsidered. United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999) (Hedges, U.S.M.J.). However, in this District, Local Rule 7.1(g) creates a specific procedure by which a party may, within 10 days of the entry of an order, ask either a District Judge, or a Magistrate Judge, to take a second look at any decision "upon showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." LITE, N.J. FEDERAL PRACTICE RULES, Comment 6 to L. Civ. R. 7.1(g) (GANN 2002 ed.). Consequently, Local Rule 7.1(g) of the Local Rules of Civil Procedure, rather than Rule 59 of the Federal Rules of Civil Procedure, governs motions for reconsideration filed in the District of New Jersey. Compaction Sys. Corp.,

88 F. Supp. 2d at 345.

Relief by way of a motion for reconsideration is an "extraordinary remedy" only be granted "very sparingly."  NL Indus. Inc. v. Commercial Union Ins., Co., 935 F. Supp. 513, 516 (D.N.J. 1996); Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986) (Brotman, U.S.D.J.).  Local Rule 7.1(g) does not contemplate a recapitulation of arguments previously considered by the court in rendering its decision.  Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992) (Lechner, U.S.D.J.), aff'd, 37 F.3d 1485 (3d Cir. 1994).  Stated more simply, a motion for reconsideration is not an appeal.  It is improper for a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through – rightly or wrongly."  Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990) (Ackerman, U.S.D.J.).  Rule 7.1(g) permits reconsideration only when "dispositive factual matters or controlling decisions of law" that were previously presented to the court were overlooked.  Resorts Int'l v. Great Bay Hotel and Casino, 830 F. Supp. 826, 831 (D.N.J. 1992); Khair v. Campbell Soup, Co., 893 F. Supp. 316, 337 (D.N.J. 1995) (Irenas, U.S.D.J.).

### C. Defendant's Failure to Meet the Standard for Reconsideration

Defendant's motion fails to show how this Court "overlooked" any of the above listed points.  An argument is not deemed overlooked because it is not specifically addressed in a court's opinion.  Eichorn v. AT&T Corp., No. Civ. A. 96-3587 (MLC), 1999 WL 33471890 (D.N.J. Aug. 23, 1999) (Cooper, U.S.D.J.).  An argument may be regarded as having been considered if it is presented to the court in written submissions and in oral argument.  Id.  This Court did not overlook any of the points Defendant argued on damages, nor did the Court overlook any relevant case law.  To the contrary, this Court carefully reviewed and considered

each and every argument made in Defendant's moving papers for summary judgment.

### D.  Plaintiff's Damages

During the summary judgment stage of litigation, a judge must determine whether genuine issues of fact exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  During this stage, a judge is not supposed to weigh evidence and determine the truth of the matter.  Id. Even if there are undisputed facts, a judge should not grant a motion for summary judgment when a genuine disagreement exists regarding the inferences that can be reasonably drawn from those facts.  In re Unisys Sav. Plan Litig., 74 F.3d 420, 433 (3d Cir. 1996).  While both parties may agree that Plaintiff has received some benefit from its transition to Subchapter S status, both sides disagree over the issue of whether Plaintiff incurred damage due to Defendant's alleged malpractice.  At this point in the litigation, too many factual issues exist to determine whether Defendant did or did not commit attorney malpractice.

It is also premature for this Court to issue a ruling on whether or not Defendant's actions were the proximate cause of Plaintiff damages, or the amount of damages suffered by Plaintiff. This Court did consider the issues raised in Defendant's motion for reconsideration when Defendant's motion for summary judgment was decided.  This Court will not rule on these issues at this time because too many facts are in dispute.  The damage and set off issues raised by Defendant first in its motion for summary judgment and then again in its motion for reconsideration would be more appropriately addressed in a motion in limine.  Furthermore, the Court has read In re Ivan F. Boesky Securities Litigation, FMC Corporation v. Boesky, 36 F.2d 255 (2nd Cir. 1994), which was submitted by Defendant after oral argument, and fails to see how this case has any bearing on the controversy presently before the Court.  Defendant has not met

the high burden required for a successful motion for reconsideration. Defendant's motion for reconsideration must therefore be denied. Defendant may file its motion in limine regarding damages prior to trial.

### III. Conclusion

For the reasons explained above, Defendant's motion for reconsideration is denied. An appropriate Order accompanies this Opinion.

                                              S/ Dennis M. Cavanaugh
                                              Dennis M. Cavanaugh, U.S.D.J.

Date:         March 30, 2006
Original:    Clerk's Office
Cc:          All Counsel of Record
               The Honorable Mark Falk, U.S.M.J.
               File