NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

AMBOY BANCORPORATION, a New Jersey Corporation,

Plaintiff,

v.

JENKENS & GILCHRIST, a Professional Corporation, and THE BANK ADVISORY GROUP, INC., a Texas Corporation,

Defendants.

**Hon. Dennis M. Cavanaugh**

**OPINION**

Civil Action No. 02-CV-5410 (DMC)

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon application by Amboy Bancorporation ("Plaintiff") for a determination regarding whether complete relief to the parties requires Defendant Bank Advisory Group's ("BAG") presence in this case ("Plaintiff's Rule 19 application"). Plaintiff seeks an order determining that complete relief cannot be accorded without BAG remaining a party in this action. BAG argues that it should be severed and/or dismissed from this case. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiff's Rule 19 application is **granted**.

## I. BACKGROUND

On January 30, 2007, following the commencement of this lawsuit, BAG voluntarily filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Western District of

Texas, Austin Division. On February 13, 2007, Plaintiff filed a motion to dismiss the Chapter 7 bankruptcy. On February 28, 2007, the Texas Bankruptcy Court entered an Order, leaving it to this Court to determine whether full relief could be afforded to Plaintiff and Defendant Jenkens & Gilchrist ("Jenkens") if BAG is either severed or dismissed from this lawsuit.

The underlying action in this matter arises from claims of legal malpractice, breach of contract and breach of fiduciary duty against Jenkens and BAG in connection with a 1997 transaction in which Plaintiff reorganized into a Subchapter S corporation. Plaintiff alleges that Jenkens and BAG were negligent regarding various obligations they owed to Plaintiff. Specifically, Plaintiff asserts that BAG is responsible for certain proxy statements that misled Plaintiff.

## II. ANALYSIS

The issue before this Court is whether BAG needs to remain a party to this lawsuit. A court must look at the circumstances surrounding the lawsuit to determine whether the suit is feasible and what effects will result from not joining a defendant. Pursuant to FED. R. CIV. P. 19(a) and judicial precedent, the rules of party joinder should be interpreted liberally and all "persons having an interest in the controversy, and who ought to be made parties, commonly referred to as necessary parties, should be joined." Shields v. Barrow, 58 U.S. 130, 139 (1855). Parties should be joined whenever possible in an attempt to accord complete relief to a plaintiff and avoid prejudice to those already named parties. See Guthrie Clinic, LTD. v. Travelers Indemnity Co. of Ill., 104 F.Appx. 218, 222 (3d Cir. 2004); 101 W. 136th St. Realty Corp. v. Dep't of Hous. and Urban Dev., 1988 WL 126882, at *1 (S.D.N.Y. 1988).

There are some exceptions to the liberal interpretation of joinder rules. Pursuant to FED. R. CIV. P. 19(b), if complete relief can be granted without a joinder and the exclusion of the party

does not prejudice the case, a party need not be joined. Specifically, in tort cases, a party who jointly owes obligations to a plaintiff with another defendant is not an indispensable party. See Field v. Volkswagenwerk, AG, 626 F.2d 293, 298 n.7 (3d Cir. 1980). Therefore, joint and several defendants do not need to be joined to a lawsuit. See Gold v. Johns-Manville Sales Corp. 723 F.2d 1068, 1076 (3d Cir. 1983). As long as a party is not prejudiced by the removal or non-inclusion of a party, the Federal Rules of Civil Procedure allow for a nonjoinder.

Plaintiff argues that Jenkens has consistently taken the position that BAG bears responsibility for the misleading proxy statement. Plaintiff argues that it may be precluded from obtaining complete relief if Jenkens succeeds in its defense of shifting the responsibility for the proxy statement to BAG. Additionally, Plaintiff argues that, because BAG stands in a direct contractual and personal liability relationship with Plaintiff, it should remain a party. See Chadwick v. Arabian Oil Co., 656 F. Supp. 857 (D. Del. 1987). Plaintiff argues that BAG's presence is crucial to determine liability because BAG is an active participant in the events surrounding the lawsuit.

Defendant BAG argues that even if Jenkens succeeds in shifting all or some of the responsibility for Plaintiff's alleged losses over to BAG, that will not prevent Plaintiff from obtaining complete relief. BAG argues that this case is no different than any other tort case in which an injured plaintiff sues two tortfeasors who may each, in whole or in part, have some responsibility to the plaintiff. If one of the two tortfeasors is absent from the case, either because of (i) bankruptcy, (ii) lack of jurisdiction, (iii) they settled with the plaintiff pre-trial or (iv) for any other reason, there is nothing to stop the jury from determining the total amount of plaintiff's

damages and then apportioning those damages to each of the two tortfeasors according to their respective responsibility.

FED. R. CIV. P. 19 governs questions of indispensable parties. The criteria for determining whether a party is indispensable may be summarized as follows:

> (a) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties;
>
> (b) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided;
>
> (c) whether a judgment rendered in the person's absence will be adequate; and
>
> (d) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

FED. R. CIV. P. 19(b).

Defendant argues that BAG and Jenkens, as joint tortfeasors, are jointly and severally liable to Plaintiff and, therefore, are not indispensable parties under FED. R. CIV. P. 19(b). Plaintiff cites Gold v. Johns-Manville Sales Corp., 723 F.2d 1068 (3d Cir. 1983) for the proposition that an absent tortfeasor jointly liable is not an indispensable party and a defendant's right to contribution or indemnity from an absent party does not render the absentee indispensable pursuant to FED. R. CIV. P. 19. See Field v. Volkswagenwerk, AG, 626 F.2d 293, 298 n.7 (3d Cir. 1980).

In the current case, BAG should remain a party and the lawsuit should proceed with BAG as a party. A judgment rendered in BAG's absence would be prejudicial to those already parties. If BAG is released from the current case, Jenkens will need to initiate additional proceedings for

contribution from BAG. Jenkens can later assert a claim against BAG related to BAG's alleged responsibility for the misleading proxy statement. Moreover, BAG stands in a direct contractual and personal liability relationship with Amboy and should, therefore, remain a party to this action. BAG's presence in this action is critical to determining the important issue of liability. BAG is more than a witness, but rather, an active participant in the events surrounding this case. This prejudice can be lessened or avoided by keeping BAG as a party to the current suit.

## III. Conclusion

For the reasons stated, it is the finding of this Court that Plaintiff's Rule 19 application is **granted**. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date: Sept. 12, 2007
Orig.: Clerk
cc: Counsel of Record
The Honorable Mark Falk, U.S.M.J.
File