NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMBOY BANCORPORATION, a New Jersey Corporation, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 02-CV-5410 (DMC) |
| JENKENS & GILCHRIST, a Professional Corporation, and THE BANK ADVISORY GROUP, INC., a Texas Corporation, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendant Jenkens & Gilchrist ("Jenkens") to impose FED. R. CIV. P. 11 sanctions on Amboy Bancorporation's ("Plaintiff") counsel. Jenkens argues that Plaintiff's attorney filed a motion for leave to amend the complaint to add Peter Weinstock and Pam O'Quinn as nominal defendants for discovery and trial purposes and then failed to withdraw the application after being put on notice of Jenkens's claim that such a motion is frivolous. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Jenkens's FED. R. CIV. P. 11 motion for sanctions against Plaintiff's counsel is **granted** and Plaintiff is ordered to pay all costs and attorneys' fees expended by Jenkens in defending the underlying motion and bringing this Rule 11 motion.

I.     **BACKGROUND**

In July 1997, Plaintiff retained the Jenkens law firm for legal advice regarding Plaintiff's proposed freeze-out of its minority shareholders. Plaintiff wanted to reduce the number of its shareholders to seventy-five or fewer in order to change its corporate status from a C to an S corporation. A December 1996 article in the American Banking Journal discussed the potential that the freeze-out could have on the remaining shareholders: an increase in their percentage ownership interest, "profit from significant tax savings" and "a tremendous increase in the value" of their shares. Amboy's President sent a copy of this article to its Board of Directors on July 13, 1997. Jenkens's attorneys, Weinstock and O'Quinn, among others, provided Plaintiff with legal advice regarding the conversion to an S corporation. Weinstock and O'Quinn prepared, or supervised the preparation of, various documents, including a proxy statement.

On November 19, 1997, Amboy held a special shareholders' meeting in order to vote on the proposed minority shareholder freeze-out. The shareholders' attorneys opposed to the freeze-out attended the meeting. The attorneys and some shareholders questioned the legality of the transaction. Notwithstanding the objections raised regarding the legality and fairness of the proposed freeze-out, the majority of the shareholders voted to freeze-out the minority as recommended by the Board of Directors. Between the date of the special shareholders' meeting and the effective date of the merger, December 2, 1997, Amboy became aware that three shareholders were contemplating taking legal action. Plaintiff consummated the freeze-out in spite of the threat of litigation.

On December 5, 1997, the first action commenced, challenging the minority shareholders' freeze-out. Subsequent shareholder litigation soon followed. All of the litigation

was consolidated under the caption of Casey v. Brennan and it proceeded as a class action. Plaintiff's attorney, Dennis T. Kearney (then of Pitney, Hardin, Kipp & Szuch, LLP, and now of Day Pitney LLP), was retained to act as co-counsel with Jenkens to defend Plaintiff in the shareholder litigation. In that capacity, and later as sole counsel for trial, Kearney consulted with Weinstock and O'Quinn concerning Plaintiff's legal representation regarding the challenged minority shareholder freeze-out.

In a letter dated October 21, 1998, Jenkens advised Plaintiff that it had a potential conflict in its continued representation of Plaintiff due to allegations in the shareholder litigation that the proxy statement Jenkens prepared was misleading. Due to the conflict described in the letter, on December 7, 1998, Jenkens withdrew as Plaintiff's counsel. The trial judge in Casey v. Brennan issued a written opinion on April 26, 1999. He found, *inter alia*, that the proxy statement contained misleading statements of material facts and failed to disclose all of the material facts. The court found Amboy liable to the holders of approximately 400,000 shares. Multiple appeals and remands followed until the trial court ultimately determined the fair value of the shares that Plaintiff was required to pay to the frozen-out shareholders.

On October 3, 2002, Plaintiff commenced this action against Jenkens. The complaint described the services rendered by Weinstock and O'Quinn and asserted that Jenkens committed legal malpractice in connection with the minority shareholder freeze-out. The complaint alleged negligence (first count), breach of contract (second count) and breach of fiduciary duty (third count).

Recently, over nine years after the alleged malpractice occurred and over eight years after the judge in Casey v. Brennan first found that the proxy statement was misleading and that

3

Weinstock and O'Quinn gave problematic advice to Plaintiff, Plaintiff sought to amend its complaint to join Weinstock and O'Quinn as defendants.

Initially, Plaintiff moved to join Weinstock and O'Quinn as direct defendants. When confronted with Jenkens's argument that the statute of limitations for claims against them as individuals expired, together with a proposed FED. R. CIV. P. 11 motion for sanctions, Plaintiff withdrew its application after the twenty-one day grace-period provided by FED. R. CIV. P. 11 expired. Plaintiff now seeks to add them as "nominal defendants for purposes of discovery and trial only." Plaintiff's brief in support of this motion asserts that its claims against Jenkens "are based on the facts and omissions of Weinstock and O'Quinn."

Defense counsel filed the Rule 11 motion for sanctions after first explaining to Plaintiff's counsel why the motion was frivolous. In a letter dated April 23, 2007, George Jones laid-out the basis of Jenkens's FED. R. CIV. P. 11 motion. After receiving Plaintiff's motion to amend, Jones demanded, by letter dated April 23, 2007, that it be withdrawn or he would seek Rule 11 sanctions. Kearney responded by sending a letter to Jones wherein he requested that Jones comply with the "obligations" imposed by Rule 11(b) and explain in writing how applicable law does not support Kearney's motion to amend. Kearney erroneously cited Rule 11(b) instead of Rule 11(c). Rule 11(c) requires notice and an opportunity to withdraw the offending document. Under this subsection, notice and an opportunity to withdraw is provided by serving a motion for Rule 11 sanctions, but not filing it if the offending paper is withdrawn within twenty-one days of service.

4

**II.    ANALYSIS**

Amboy's motion for leave to amend its complaint to add Weinstock and O'Quinn as "nominal defendants for purposes of discovery and trial only" is frivolous and warrants sanctions imposed by this court. The substantive obligations imposed by FED. R. CIV. P. 11 are:

> (b) **Representations to Court**. By presenting to the court . . . a written motion, . . . an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
> (1)    it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2)    the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3)    the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4)    the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

FED. R. CIV. P. 11(b).

"A standard of 'frivolousness,' or obvious lack of merit, has generally been used to determine whether a filing was signed in violation of Rule 11 . . . ." 2 Moore's Federal Practice, § 11.11 [5] (Matthew Bender 3d ed.). Rule 11 requires the signer of a paper to certify that all "claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Zuk v. E. Pa. Psychiatric Inst. of the Med. College of Pa., 103 F.3d 294, 299 (3d Cir. 1996). In its presentation of this motion, Plaintiff has made no argument for

extension, modification or reversal of existing law, nor has it argued for the establishment of new law. When no argument is made that any of the above justifications apply, as is the case here, the court must determine whether Amboy's legal arguments are "warranted by existing law." Id.

A legal contention is not warranted by existing law if based on legal theories plainly foreclosed by established legal principles and authoritative precedent. When existing law does not support the releif sought, the advocate is required to state expressly that he or she is arguing for a reversal or change of law and present a nonfrivolous argument in support of that position. 2 Moore's Federal Practice, § 11.11 [7] [a] (Matthew Bender 3d ed.). "Sanctions may be imposed against an attorney or unrepresented party pursuant to Rule 11(b)(2) for signing, filing, or later advocating a claim, defense, or other legal contention that is not warranted by existing law." Id.

Plaintiff's counsel signed and filed a motion for leave to amend its complaint to add Weinstock and O'Quinn as nominal defendants for discovery and trial purposes only. There is no legal or factual basis for granting Plaintiff's motion to amend its complaint for those purposes. Plaintiff's counsel has misused the meaning of "nominal defendant" and further compounds the error by using the phraseology "for purposes of discovery and trial only."

"Nominal defendant" is generally used to describe a stakeholder who possesses of property that should rightfully be transferred to the prevailing party in the litigation. See SEC v. Cherif, 933 F.2d 403, 414 (7th Cir. 1991). In some rare circumstances, a nominal defendant might be used to describe a party joined solely because it possesses some knowledge or information that needs to be obtained through discovery, but that party is dismissed as soon as it provides the discovery requested. Here, neither definition fits Weinstock and O'Quinn.

Plaintiff has provided no basis for its amended complaint to name Weinstock and O'Quinn as Defendants in this case. The amendment is frivolous. During oral argument for Plaintiff's motion for leave to file an amended complaint, the Hon. Mark Falk, U.S.M.J. held that:

> After scouring the papers with an indulgent eye and after doing independent research, the Court finds no legal or factual basis for the proposed amendments; and therefore, I'm going to deny the motion to amend for the following reasons.
> . . . .
> Leave to amend may be denied as futile when the proposed amendment would not withstand a motion to dismiss . . . .
> . . . .
> [P]laintiff makes clear that the amended complaint is not to add these parties for purposes of liability. The draft amended complaint that was submitted with the motion indicates that Weinstock and O'Quinn are nominal defendants for purposes of discovery and trial only. The proposed amendment arguably . . . deals with 6 counts, none of which seek recovery against Weinstock and O'Quinn. So basically, the plaintiff doesn't plead any factual allegations asserting a right to relief against these defendants.
> . . . .
> [Weinstock and O'Quinn] aren't being sought to be named for liability. And the plaintiff in its papers gives various reasons for naming them. And I'm going to quote, quote: Only to protect its ability to prosecute this case and to recover under the insurance policies, and to provide an avenue for the Court to exercise jurisdiction over these individuals to assure their cooperation, but will not expose either Weinstock or O'Quinn to personal liability.
> . . . .
> The Court has been able to find no authority for naming defendants for any of these stated reasons. They're certainly understandable, and there's always a risk as you proceed with litigation that a party is no longer viable and there are changes that occur, and there may be discovery that is appropriate or may not be discovery that's appropriate on it. But the Court can find no legal basis for naming individuals or entities as named parties in a case for any of these reasons.

> The plaintiff admits there's no case on all fours, which supports such an application. It's also clear that seeking to name a party solely for the basis of discovery and trial is not something that is permitted in the federal courts.
>
> . . . .
>
> [In] Kletcher (phonetic) v. Metropolitan Life Insurance, . . . [the court] addressed the plaintiff's request to amend the complaint under 15(a) to add a party both as a true defendant and for discovery purposes. The court found the substantive claim futile, and then denied as futile the plaintiff's request to name the proposed defendant for discovery purposes.
>
> . . . Plaintiff's second and third asserted jurisdictions for the leave to amend to obtain discovery from nonparty[] offer no reason to permit plaintiff to add . . . Oxford . . . as a defendant. A movant may not add a party simply on the grounds that the party has information relevant to the case . . . .
>
> The court concluded that the possession of discoverable material is not a basis to add a party to a lawsuit . . . . Moreover, plaintiff may make discovery requests of Oxford regardless of whether it is a party, and under Rule 45 a nonparty may be required to produce discovery materials which are in the nonparty's possession.
>
> So in sum, after giving considerable thought and time to this application, <u>the Court can find no basis for the proposed amendment</u>. And the Court finds that the amendment would be futile . . . .

Transcript of Record at 14-20, Amboy Bancorporation v. Jenkens & Gilchrist, et al, No. 02-5410 (D. N.J. filed Sept. 6, 2007) (emphasis added).

FED. R. CIV. P. 11 provides that if a party or attorney makes a written representation in a paper filed with the court that violates the Rule 11 requirements, the court may impose sanctions, including payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result. See FED. R. CIV. P. 11(c). "A court considering the imposition of Rule 11 sanctions must bear in mind that such sanctions are to be imposed only in exceptional circumstances, 'where the claim or motion is patently unmeritorious or frivolous.'" Ritter v. Clinton House Rest.,

8

64 F. Supp. 2d 374, 396 (D. N.J. 1999) (quoting <u>Dura Systems, Inc. v. Rothbury Invs., Ltd.</u>, 886 F.2d 551, 556 (3d Cir. 1989)). The legal standard for alleged violations of Rule 11 is "reasonableness under the circumstances." <u>Ford Motor Co. v. Summit Motor Prods., Inc.</u>, 930 F.2d 277, 289 (3d Cir. 1993) (citing <u>Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.</u>, 498 U.S. 533, 551 (1991)). Reasonableness is defined as "an 'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in fact and law." <u>Jones v. Pittsburgh Nat'l Corp.</u>, 899 F.2d 1350, 1359 (3d Cir. 1990) (quoting <u>Eavenson, Auchmuty & Greenwald v. Holtzman</u>, 775 F.2d 535, 540 (3d Cir. 1985)).

Rule 11, however, is "not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." <u>Dura Systems</u>, 886 F.2d at 556 (citing FED. R. CIV. P. 11 (advisory committee notes)). When issues are close, seeking Rule 11 sanctions borders on abuse of the system. <u>See</u> <u>Gaiardo v. Ethyl Corp.</u>, 835 F.2d 479, 483-84 (3d Cir. 1987) (citations omitted). The <u>Gaiardo</u> court noted its concern that there has been a noticeable increase in unjustified requests for sanctions. Moreover, the <u>Gaiardo</u> court warned litigants that a court may impose sanctions *sua sponte* when Rule 11 is invoked for an improper purpose. <u>See</u> <u>Lieb v. Topstone Indus.</u>, 788 F.2d 151, 157 (3d Cir. 1986) (citations omitted).

In the current case, there is no legal basis for adding Weinstock or O'Quinn as nominal defendants. Plaintiff cites no legal authority supporting its application to amend its complaint to add Weinstock and O'Quinn as "nominal defendants for purposes of discovery and trial only." Moreover, Plaintiff did not define a "nominal defendant for purposes of discovery and trial only." None of the cases that Plaintiff cited wherein a party was named a "nominal defendant" apply to the current case.

9

In Carpenter, Bennett & Morrissey v. Jones, the court permitted a party who possessed funds, which were the subject of the litigation, to be named a nominal defendant. See 197 N.J. Super. 475 (App. Div. 1984). Similarly, in SEC v. Antar, parties who had received profits from the illegal sale of stock, but had not otherwise engaged in wrongdoing, were named as nominal defendants so the court could order that they disgorge those profits. See 831 F. Supp. 380 (D. N.J. 1993). In Brodsky v. Grinnell Haulers, Inc., the court permitted naming a nominal defendant for a slightly different purpose. See 362 N.J. Super. 256 (App. Div. 2003), rev'd on other grounds, 181 N.J. 102 (2004). Brodsky was an automobile negligence action wherein the defendant was only partially responsible for the damages suffered by the plaintiff. Another party's negligence had also contributed to the injury. However, that party had declared bankruptcy, so personal liability could not be imposed. The court permitted the bankrupt party to be named as a nominal defendant for purposes of determining the relative negligence of the actual defendant. In Rubanick v. Witco Chemical Corp., the court provided no analysis of the issue, but simply acknowledged the status of the employer in a footnote as a "nominal defendant for discovery purposes only." 242 N.J. Super. 36 (App. Div. 1990). Presumably, no liability could be imposed on the employer due to the statutory workers' compensation bar, but the employer allegedly possessed information regarding the manufacturer-defendant that could not be obtained from other sources. In Arcell v. Ashland Chem. Co., the court permitted an action for discovery while noting that "[t]he need to resort to equity to obtain discovery at law is virtually nonexistent under modern rules and statutes." 152 N.J. Super. at 505-06. Since Rubanick and Arcell only involved discovery, they are inapposite to the issue here because Plaintiff has acknowledged that discovery in this matter has been completed. Davila v. Continental Can Co.

10

is especially instructive in this regard. <u>See</u> 205 N.J. Super. 205, 208 (App. Div. 1985). In that case, the court upheld joinder of plaintiff's employer as a defendant solely for discovery purposes in plaintiff's product liability suit against the equipment manufacturer. The court took note of plaintiff's counsel's concession that "defendant would be entitled to a <u>dismissal immediately upon the completion of the limited discovery sought against it</u>." <u>Id.</u> (emphasis added). Plaintiff's counsel also made a representation at oral argument that as soon as that discovery was completed, plaintiff would grant a voluntary dismissal to defendant. In the court's view, this would be "a proper disposition." <u>Id.</u>

Thus, Plaintiff's use of "nominal defendants for purposes of discovery and trial only" is misleading. It seeks to add Weinstock and O'Quinn as defendants solely for the purpose of compelling their appearance at trial. In effect, Plaintiff proposes to amend its complaint to name "nominal defendants" as a substitute for using the normal discovery procedures provided by the rules to ensure that a witness's testimony is available at trial. No authority for that procedure exists and Plaintiff has failed to articulate why this Court should take such an unprecedented action. Plaintiff's counsel has failed to identify a single instance in which amendment of a complaint has been permitted for this purpose. Other than vague generalities about "efficient administration of the litigation" and disingenuous suggestions that Weinstock and O'Quinn have some obligation to help Plaintiff prove its contentions in this litigation, there is no basis proffered for the relief sought.

Based on the foregoing, Plaintiff's motion to amend is wholly unsupported by existing law. Furthermore, Plaintiff's counsel failed to advance a nonfrivolous argument for extension, modification, or reversal of existing law or the establishment of new law. Consequently, Plaintiff's

11

motion for leave to amend its complaint is frivolous and warrants sanctions under Rule 11.

Pursuant to FED. R. CIV. P. 11(c), "[i]f, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may . . . impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for that violation." FED. R. CIV. P. 11(c). "Monetary sanctions," however, "may not be awarded against a represented party for a violation of subdivision (b)(2)." FED. R. CIV. P. 11(c)(2)(A). According to the Rule,

> [s]anctions that involve monetary awards (such as a fine or an award of attorney's fees) may not be imposed on a represented party for causing a violation of subdivision (b)(2), involving frivolous contentions of law. Monetary responsibility for such violations is more properly placed solely on the party's attorneys. With this limitation, the rule should not be subject to attack under the Rules Enabling Act.

FED. R. CIV. P. 11 (Advisory Committee Notes). FED. R. CIV. P. 11(b)(2) states that, by presenting a written motion, or other paper, to the court, an attorney is certifying that to the best of the person's knowledge, information and belief, the claims, defenses and other legal contentions therein are warranted by a nonfrivolous argument. See FED. R. CIV. P. 11(b)(2). Pursuant to FED. R. CIV. P. 11(c)(3), when "imposing sanctions, the court shall describe the conduct determined to constitute a violation of [Rule 11] and explain the basis for the sanction imposed." Here, Judge Falk found that "after giving considerable thought and time to this application, the Court can find no basis for the proposed amendment. And the Court finds that the amendment would be futile . . . ." Transcript of Record at 14-20, Amboy Bancorporation v. Jenkens & Gilchrist, et al, No. 02-5410 (D. N.J. filed Sept. 6, 2007). This Court wholeheartedly agrees with Judge Falk's conclusion. Furthermore,

Defense counsel did not file the Rule 11 motion without first explaining to Plaintiff's counsel why the motion was frivolous. George Jones, in a letter dated April 23, 2007, laid-out the basis of Jenkens's FED. R. CIV. P. 11 motion for sanctions. After receiving Plaintiff's motion to amend, Jones by letter dated April 23, 2007, demanded that it be withdrawn for all of the reasons set forth in his letter of earlier that day or he would seek Rule 11 sanctions. Later that day, Kearney sent a letter to Jones wherein he asked that Jones comply with the "obligations" imposed by Rule 11(b) and explain in writing how applicable law does not support Kearney's motion to amend. Kearney erroneously cited Rule 11(b) instead of Rule 11(c). Rule 11(c) contains the obligations of notice and an opportunity to withdraw the offending document. Under this subsection, notice and an opportunity to withdraw is provided by serving a motion for Rule 11 sanctions, but not filing it if the offending paper is withdrawn within twenty-one days of service.

Plaintiff is responsible for all costs and attorneys fees expended by Defendant in defending the underlying motion and bringing this Rule 11 motion. Rule 11(c)(2) states, in pertinent part, that:

> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct . . . . [T]he sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

FED. R. CIV. P. 11(c)(2). For the reasons stated above, Plaintiff is responsible for all costs and attorneys' fees expended by Jenkens in defending the underlying motion and bringing this Rule 11 motion. Defendant is directed to submit an itemized certification in support of its fees and expenses.

13

**III.**     Conclusion

For the reasons stated, it is the finding of this Court that Jenkens's Rule 11 motion for sanctions is **granted**.  An appropriate Order accompanies this Opinion.


  S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        September 14, 2007
Orig.:       Clerk
cc:          Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
             File