NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMBOY BANCORPORATION, a New Jersey corporation, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 02-CV-5410 (DMC) |
| JENKENS & GILCHRIST, a Professional Corporation; and THE BANK ADVISORY GROUP, INC. A Texas corporation, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Seidman & Pincus, LLC ("Seidman") to withdraw as counsel for Defendant The Bank Advisory Group, Inc. ("BAG"). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Seidman's motion to withdraw as counsel is **denied**.

I.    BACKGROUND[1]

This matter arises from claims by Plaintiff Amboy Bancorporation ("Plaintiff") for professional malpractice, breach of contract and breach of fiduciary duty against Defendant

---

[1] The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

corporations Jenkens & Gilchrist ("Jenkens") and BAG (collectively, with Jenkens, "Defendants") relating to a 1997 transaction in which Defendants were retained to assist Plaintiff in reorganizing into a Subchapter S corporation.  Defendants' alleged acts and omissions resulted in forcing Plaintiff to defend a shareholder class action lawsuit, in which Plaintiff was required to pay damages to former shareholders.

Seidman serves as counsel for BAG. Seidman filed a motion to withdraw as counsel for BAG, stating that BAG has filed for bankruptcy and is no longer paying -- and is unable to pay -- the firm's fees and expenses. Additionally, Seidman claims that BAG's bankruptcy proceedings have concluded in such a way that the firm no longer has a client in this matter. Amboy opposes the motion, claiming that the motion fails to establish a basis for withdrawal, that withdrawal would be highly prejudicial to Amboy and that withdrawal would unreasonably delay the trial.

**II.   STANDARD OF REVIEW**

After a case has been set for trial, "substitution and withdrawal shall not be permitted except by leave of Court." See L. Civ. R. 102.1. When evaluating a motion to withdraw, courts should consider the reason withdrawal is sought,  any prejudice withdrawal may cause to other litigants, any harm withdrawal may cause to administration of justice and the degree to which withdrawal may delay the resolution of the case. See United States *ex rel*. Cherry Hill Convalescent Ctr., Inc. v. Healthcare Rehab Sys., Inc., 994 F. Supp. 344, 252 (D.N.J. 1997).

**III.   DISCUSSION**

Seidman argues that, due to the Texas bankruptcy proceedings that BAG undertook, it no longer has a client related to this matter. According to Texas and federal bankruptcy law,

however, BAG is a corporation. Pursuant to Fed. R. Civ. P. 1(b), a corporation's capacity to sue or be sued is determined by the law under which the corporation is organized. Here, Texas law applies, because BAG is a Texas corporation that has not yet been dissolved. Even if it was dissolved, or becomes dissolved, Texas corporation law states that a dissolved corporation continues corporate existence for three years from the date of dissolution to prosecute or defend actions or proceedings in its corporate name and to allow existing claims by or against the corporation to survive. See Tex. Bus. Corp. Act., Art 7.12(A) (1)-(2). Because Plaintiff's action was filed in federal court, BAG must be represented by licensed counsel. See 28 U.S.C. § 1654; see also Rowland v. California Men's Colony, 506 U.S 194, 201 (1993). Furthermore, the defendant corporation's inability to pay for the firm's legal services provides no basis for the firm to withdraw from the case. Indeed, a prior decision from this Court in Haines v. Liggett Group Inc. states that "[f]ederal law does not expressly permit withdrawal by an attorney on the ground of financial hardship." 814 F. Supp 414, 423 (D.N.J. 1993).

      Plaintiff's concerns of prejudice and delay are well-founded. Seidman has represented BAG for five years, and as such, is familiar with the facts of the case. It would be difficult for other counsel to acquire such a familiarity in a timely manner. Seidman seeks to withdraw on the eve of the final pretrial meeting. This Court is generally less inclined to entertain an application to withdraw closer to the time of trial. See, e.g., Avant-Garde Computing Inc. Sec. Litig, Civ. No. 85-4149 (D.N.J. letter op. and order filed Aug. 31, 1989). BAG must be represented for the case to go to trial. Seidman's withdrawal as counsel would force BAG to find new representation and familiarize counsel with the facts of the case, causing considerable delay to a trial that is

imminent if Seidman does not withdraw.

**IV.     CONCLUSION**

For the reasons stated, it is the finding of this Court that Seidman's motion to withdraw as counsel is **denied**.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:       June  26 , 2008
Orig.:      Clerk
cc:         All Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File

4