NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AMBOY BANCORPORATION, a New Jersey Corporation, : : : : Plaintiff, : : v. : : JENKENS & GILCHRIST, a Professional : Corporation; and THE BANK : ADVISORY GROUP, INC., a Texas : Corporation, : : Defendants. : : | **Hon. Dennis M. Cavanaugh** **OPINION** Civil Action No. 02-CV-5410 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Defendant Jenkens & Gilchrist's ("Jenkens") motion *in limine* to exclude testimony by Plaintiff Amboy Bancorporation's ("Amboy") expert Professor Thel ("Thel") and for partial summary judgment pursuant to Fed. R. Civ. P. 56(b); Amboy's motion *in limine* to exclude evidence regarding the personal wealth of its officers, directors and/or shareholders pursuant to Fed. R. Evid. 402; Jenkens's motion *in limine* to preclude the introduction of proxy statements prepared by Jenkens, other than the one that is the subject of this litigation; Jenkens's motion for partial summary judgment pursuant to Fed. R. Civ. P. 56(b), dismissing Amboy's claims for breach of contract and breach of fiduciary duty; Jenkens's motion *in limine* to exclude from evidence the decisions and fact findings of the New Jersey courts in Casey v. Brennan, 344 N.J. Super. 83 (App. Div. 2001), and to preclude any reference thereto; Jenkens's

motion *in limine* to exclude any evidence pertaining to its representation of Amboy in the shareholder litigation, its subsequent withdrawal from that representation and settlement discussions; and Jenkens's motion *in limine* to exclude any evidence pertaining to its tax shelter practice and litigation and investigations that arose therefrom and its cessation of practice. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Jenkens's motion for partial summary judgment pursuant to Fed. R. Civ. P. 56(b) is **granted**; Jenkens's motion for partial summary judgment dismissing Amboy's claims for breach of contract and breach of fiduciary duty pursuant to Fed. R. Civ. P. 56(b) is **granted**; Jenkens's motion to exclude Thel's expert testimony is **denied** as moot; Amboy's motion to exclude evidence regarding the personal wealth of its officers, directors and/or shareholders pursuant to Fed. R. Evid. 402 is **granted**; Jenkens's motion to preclude the introduction of proxy statements prepared by Jenkens, other than the one that is the subject of this litigation is **denied** as moot; Jenkens's motion to exclude from evidence the decisions and fact findings of the New Jersey courts in Casey is **denied** as moot; Jenkens's motion to exclude all evidence related to its representation of Amboy in the shareholder litigation, its subsequent withdrawal from that representation and settlement discussions is **denied** as moot; and Jenkens's motion *in limine* to exclude any evidence pertaining to its tax shelter practice and litigation and investigations that arose therefrom and its cessation of practice is **denied** as moot.

I.     **BACKGROUND**[1]

Amboy National Bank ("Bank") is a New Jersey based community bank. Amboy was incorporated as a New Jersey corporation in April 1984 to serve as a bank holding company. In or about October 1996, Amboy retained Jenkens to prepare the Proxy Statement in connection with converting Amboy into a Subchapter S corporation pursuant to 26 U.S.C. §1361. In order to qualify for Subchapter S status, it was necessary for Amboy to reduce its shareholder base to less than seventy-five qualified shareholders from approximately 420 Amboy shareholders in 1996.

On or about July 7, 1997, Amboy entered into an agreement with The Bank Advisory Group, Inc. ("BAG"), whereby BAG agreed to "review the financial condition of Amboy Bancorporation, Old Bridge, New Jersey, for the purpose of rendering an opinion as to the fair market value of the organization's common stock as of June 30, 1997, for use in connection with a proposed corporate reorganization whereby the number of Amboy shareholders will be reduced thereby making Amboy eligible to potentially elect Subchapter S status." Despite the fact that Jenkens partner Peter Weinstock, Esq. ("Weinstock") had not previously represented a New Jersey corporation in this type of squeeze-out transaction, Jenkens did not retain local New Jersey counsel in connection with Amboy's reorganization.

BAG concluded that the "cash fair market value" for the Amboy stock was $69.50 per share. Amboy relied on this valuation in determining and approving a price of $73.00 per share to be paid to its shareholders in connection with the Subchapter S corporation. Previously, Amboy's Board of

---

[1] The facts set forth in this Opinion are taken from the statements in the parties' respective moving papers.

Directors ("Board") considered and rejected an $81.00 proposal. While Jenkens represented Amboy, Amboy presented an analysis which demonstrated that, at certain price levels, the transaction did not make financial sense for Amboy.

Jenkens prepared the Proxy Statement for the Subchapter S conversion, incorporating portions of BAG's valuation report. The Proxy Statement provided that shareholders with 15,000 or more shares enjoyed statutory dissenters' rights, which entitled them to "fair value" for their shares. Those with fewer than 15,000 shares were not entitled to dissenters' rights and would receive $73.00 per share. The Proxy Statement stated that shareholders who were receiving cash did not have the right to dissent from the merger.

The merger was completed on December 2, 1997 and the shareholders received their checks on or about January 7, 1998. Jenkens advised Amboy that, if the shareholders cashed the checks, they would be unable to challenge the transaction. All shareholders except six accepted the $73.00 share price. Two of these shareholders, Kathryn Casey and Sheila Gagliano, commenced an action against Amboy and the individual members of the Board on December 5, 1997. Shareholders Carol De Sanctis, John Everitt and Thomas Morrissey also filed actions against Amboy. Jenkens represented Amboy as lead counsel in the underlying litigation until December 7, 1998, at which time it withdrew as counsel. While representing Amboy, Jenkens took the position that two different standards of value should apply to the shares, in that the dissenting shareholders should be entitled to "fair value" and the non-dissenting shareholders should be entitled to "fair market value." Amboy relied on Jenkens's advice throughout the course of Jenkens's representation of Amboy in connection with the Subchapter S conversion and the litigation.

4

On April 26, 1999, the Court in Casey rendered its decision. The shareholders that accepted the merger consideration and voted in favor or abstained from voting as well as those who voted against the merger and did not cash the check for the merger consideration ("Recovering Shareholders"), accounting for roughly 400,000 shares, recovered $90.00 per share. The Court also determined that the Proxy Statement contained misleading statements of material facts and failed to disclose all material facts. The Court also found that Amboy's Board relied in good faith on BAG and Jenkens in arriving at the $73.00 share price.

On appeal, the Superior Court of New Jersey, Appellate Division found that even those shareholders who voted against the merger and accepted the consideration ("Non-recovering Shareholders") were not estopped from recovery. Approximately 207,000 shares were held by the non-recovering shareholders.

On remand from the Appellate Division, the trial court found Amboy liable in the amount of $27.00 per share, representing the difference between the $73.00 share price and the "fair value" determination of $100.00 per share on 625,698 shares. The first remand determination resulted in a $21,339,624 judgment against Amboy. Following a second remand from the Appellate Division, on July 16, 2004, the trial court found the fair value of Amboy shares to be $114.00. This raised the amount of damages Amboy incurred to $33,433,926.52.

## II.    DISCUSSION

Jenkens's motion for partial summary judgment pursuant to Fed. R. Civ. P. 56(b) is granted; Jenkens's motion for partial summary judgment dismissing Amboy's claims for breach of contract and breach of fiduciary duty pursuant to Fed. R. Civ. P. 56(b) is granted; Jenkens's motion to

exclude Thel's expert testimony is denied as moot; Amboy's motion to exclude evidence regarding the personal wealth of its officers, directors and/or shareholders pursuant to Fed. R. Evid. 402 is granted; Jenkens's motion to preclude the introduction of proxy statements prepared by Jenkens, other than the one that is the subject of this litigation is denied as moot; Jenkens's motion to exclude from evidence the decisions and fact findings of the New Jersey courts in Casey is denied as moot; Jenkens's motion to exclude all evidence related to its representation of Amboy in the shareholder litigation, its subsequent withdrawal from that representation and settlement discussions is denied as moot; and Jenkens's motion *in limine* to exclude any evidence pertaining to its tax shelter practice and litigation and investigations that arose therefrom and its cessation of practice is denied as moot.

    A.    Jenkens's Renewed Motion for Partial Summary Judgment

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing that there is no genuine issue of fact. See id. "The burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." Id. The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. See Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "[U]nsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment." Schoch

v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). "In determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences - including issues of credibility - in favor of the nonmoving party." Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp. 2d 807, 815 (D.N.J. 2000), aff'd, 51 Fed. Appx. 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (D.N.J. 1980)).

A shareholder's right to challenge value through court intervention is not absolute. Ordinarily, however, all shareholders are entitled to be paid fair value for their shares because of the fiduciary duty majority shareholders and directors have to treat minority shareholders fairly. See Casey, 344 N.J. Super. at 108. This principle is consistent with restraining the directors or majority shareholders from using their powers for their own personal advantage, to the detriment of the minority shareholders. See id. "Even those shareholders that do not qualify as statutory dissenters still have the right to claim fair compensation for their shares in the context of a cash-out merger, as an incident of the fiduciary duty of the majority to treat the minority fairly." Id. at 107. Thus, minority shareholders have a right to fair compensation regardless of whether they are statutory dissenters.

Furthermore, an unfair offered price alone is an adequate basis for inquiring into the fairness of the plan. See id. While a misleading proxy statement may bolster the minority shareholders' right to pursue fair value, it is not a precursor. If the price is unfair, not even actual knowledge on the part of a minority shareholder can preclude the shareholder from recovering fair value for the shares.

7

In the current case, the Proxy Statement did not trigger the shareholders' right to challenge the value, as this right already existed. Amboy owed a duty of fair price to all of its shareholders regardless of whether they were fully informed, if they voted for the transaction or if they accepted the tendered payment. See id. Therefore, Jenkens's role in preparing the Proxy Statement could not have been a proximate cause of any damages Amboy claims to have suffered because it had to pay more than $73.00 per share as fair value. Therefore, Amboy does not sustain any legally compensable injury when it is already under an independent duty to compensate the shareholders at fair value.

B.    Amboy's Motion *in limine* to Exclude Evidence Regarding the Personal Wealth of its Officers, Directors and/or Shareholders

Amboy is asserting professional malpractice, breach of contract and breach of fiduciary duty. Defendants wish to admit evidence regarding the personal wealth of Amboy's and/or Bank's officers, directors and/or shareholders. "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. See Fed. R. Evid. 401. Even if relevant, however, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

In the current case, none of Amboy's officers or directors, nor the Bank's officers and directors, are parties to this action. Jenkens has never represented any of these officers or directors in their individual capacities, nor has Jenkens represented the Bank in any capacity. The personal wealth of these individuals has no bearing on any issue or defense in this case. This evidence does not relate to the facts to be proved, it will not aid the jury in its understanding of the case and it is not an element of any of Jenkens's affirmative defenses. As the personal wealth of the individuals does not further any of the claims or defenses in this action, the evidence is irrelevant and is, therefore, excluded.

      C.    <u>Jenkens's Motion for Partial Summary Judgment Dismissing Amboy's Claims for Breach of Contract and Breach of Fiduciary Duty</u>

Amboy alleges that Jenkens is liable under a theory of professional malpractice. To establish liability under a professional malpractice claim, a plaintiff must prove: (1) the existence of an attorney-client relationship creating a duty of care on the part of the attorney; (2) the breach of such duty by the attorney; (3) that said breach was a proximate cause of the damages claimed to have been suffered. <u>See</u> <u>McGrogan v. Till</u>, 167 N.J. 414, 425 (2001). Here, Amboy's breach of contract and breach of fiduciary claims do not allege that Jenkens breached a specific contractual or fiduciary duty separate and distinct from the duty of care owed by an attorney to a client under the negligence standard. New Jersey courts have consistently recognized that claims that allege only a breach of the duty of care are legal malpractice claims, regardless of the terms in which they are couched. <u>See, e.g.</u>, <u>Carletta v. Cowen</u>, 2007 U.S. Dist. LEXIS 4989, *2 n. 1 (D. N.J. Jan. 22, 2007). Therefore, Amboy's breach of contract and breach of fiduciary duty claims are dismissed.

D.  Jenkens's Remaining Motions are Denied as Moot

In light of this Court's Opinion, namely its grant of Jenkens's motion for partial summary judgment pursuant to Fed. R. Civ. P. 56(b) and Jenkens's motion for partial summary judgment dismissing Amboy's claims for breach of contract and breach of fiduciary duty pursuant to Fed. R. Civ. P. 56(b), Jenkens's motion to exclude Thel's expert testimony is denied as moot; Jenkens's motion to preclude the introduction of proxy statements prepared by Jenkens, other than the one that is the subject of this litigation is denied as moot; Jenkens's motion to exclude from evidence the decisions and fact findings of the New Jersey courts in Casey is denied as moot; Jenkens's motion to exclude all evidence related to its representation of Amboy in the shareholder litigation, its subsequent withdrawal from that representation and settlement discussions is denied as moot; and Jenkens's motion *in limine* to exclude any evidence pertaining to its tax shelter practice and litigation and investigations that arose therefrom and its cessation of practice is **denied** as moot.

**III.  CONCLUSION**

For the reasons stated, it is the finding of this Court that Jenkens's motion for partial summary judgment pursuant to Fed. R. Civ. P. 56(b) is **granted**; Jenkens's motion for partial summary judgment dismissing Amboy's claims for breach of contract and breach of fiduciary duty pursuant to Fed. R. Civ. P. 56(b) is **granted**; Jenkens's motion to exclude Thel's expert testimony is **denied** as moot; Amboy's motion to exclude evidence regarding the personal wealth of its officers, directors and/or shareholders pursuant to Fed. R. Evid. 402 is **granted**; Jenkens's motion to preclude the introduction of proxy statements prepared by Jenkens, other than the one that is the subject of this litigation is **denied** as moot; Jenkens's motion to exclude from evidence

10

the decisions and fact findings of the New Jersey courts in <u>Casey</u> is **denied** as moot; Jenkens's motion to exclude all evidence related to its representation of Amboy in the shareholder litigation, its subsequent withdrawal from that representation and settlement discussions is **denied** as moot; and Jenkens's motion *in limine* to exclude any evidence pertaining to its tax shelter practice and litigation and investigations that arose therefrom and its cessation of practice is **denied** as moot. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh  
Dennis M. Cavanaugh, U.S.D.J.

Date:        August __13__, 2008  
Orig.:        Clerk  
cc:          All Counsel of Record  
              Hon. Mark Falk, U.S.M.J.  
              File