NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AMBOY BANCORPORATION, a New Jersey corporation, | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civil Action No. 02-CV-5410 (DMC) |
| | : | |
| JENKENS & GILCHRIST, a Professional Corporation; and THE BANK ADVISORY GROUP, INC., a Texas Corporation, | : | |
| | : | |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by the law firm Seidman & Pincus, LLC ("Seidman") for reconsideration of this Court's June 26, 2008 Order and Opinion denying Seidman's motion to withdraw as counsel for Defendant Bank Advisory Group, Inc. ("BAG"). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, the Court finds that Seidman's motion for reconsideration is **denied**.

## I.   BACKGROUND

This matter arises from claims by Plaintiff Amboy Bancorporation ("Plaintiff") for professional malpractice, breach of contract and breach of fiduciary duty against Defendant corporations Jenkens & Gilchrist ("Jenkens") and BAG (collectively, with Jenkens, "Defendants") relating to a 1997 transaction in which Defendants were retained to assist Plaintiff

in reorganizing into a Subchapter S corporation. Defendants' alleged acts and omissions resulted in forcing Plaintiff to defend a shareholder class action lawsuit, in which Plaintiff was required to pay damages to former shareholders.

Seidman serves as counsel for BAG. On March 3, 2008, Seidman filed a motion to withdraw as counsel, arguing that BAG had filed for bankruptcy and was unable to pay the firm's fees and expenses. Seidman also claimed that BAG's bankruptcy proceedings concluded in such a way that the firm no longer had a client in this matter. On June 26, 2008, this court issued an Order and Opinion denying Seidman's motion to withdraw as counsel. The Court denied the motion because, *inter alia*, BAG is still a corporation under Texas law requiring assistance of counsel; financial hardship is not grounds for withdrawal; and Plaintiff has well-founded concerns of prejudice and delay. On July 11, 2008, Seidman moved for reconsideration of this Court's decision.

## II.   DISCUSSION

Motions for reconsideration in this district are governed by Local Civil Rule 7.1(i). See United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Rule 7.1(i) requires a movant to submit "concisely the matter or controlling decisions which the party believes the [court] has overlooked." L. Civ. R. 7.1(i). Motions for reconsideration will be granted only where: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Such relief is "an extraordinary remedy" to be granted "sparingly." See

NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).

In this case, Seidman argues that the Court "overlooked" the fact that BAG is insolvent and likely to default in this case. As a result, Seidman argues that it no longer has a client to represent. Seidman's arguments are without merit, however, because the Court did consider the Bankruptcy Court's Order and found that neither BAG's insolvency nor its likely default provide a basis for Seidman to withdraw. Responding to the insolvency argument, for example, the Court noted BAG's continuing corporate viability for up to three years under Texas and federal bankruptcy law. The Court also discussed the Bankruptcy Court's Order that BAG default in this litigation, noting nonetheless that BAG remains a necessary party to the case that must be represented by licensed council. Because these facts were not "overlooked" by the Court, Seidman's motion for reconsideration must be denied.

Nor has Seidman satisfied any of the requirements for granting a motion to reconsider. A motion for reconsideration may be granted only where: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. Max's Seafood, 176 F.3d at 677. Here, Seidman has not provided any changes in the controlling law. Nor has it provided evidence previously not available. Finally, Seidman has failed to show that reconsideration is necessary to prevent "manifest injustice." Accordingly, its motion for reconsideration must be denied.

**IV.    CONCLUSION**

For the reasons stated, the Court finds that Seidman's motion for reconsideration is **denied**.

3

An appropriate Order accompanies this Opinion.

  S/   Dennis M. Cavanaugh   
Dennis M. Cavanaugh, U.S.D.J.

Date:          October   7   , 2008
cc:            All Counsel of Record
               Hon. Mark Falk, U.S.M.J.
               File

4