NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMBOY BANCORPORATION, a New Jersey corporation,<br><br>Plaintiff,<br><br>v.<br><br>JENKENS & GILCHRIST, a Professional Corporation; and THE BANK ADVISORY GROUP, INC., a Texas Corporation,<br><br>Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 02-CV-5410 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Plaintiff Amboy Bancorporation ("Amboy") for reconsideration of the Court's August 13, 2008 Order to the extent that the Order granted Defendant Jenkens & Gilchrist's ("Jenkens") motion for partial summary judgment as to Amboy's damages; granted Jenkens's motion for summary judgment as to Amboy's breach of contract claims; and denied Jenkens's *in limine* motions as moot. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, the Court finds that Amboy's motion for reconsideration is **denied**.

I. BACKGROUND

This matter arises from claims by Amboy for professional malpractice, breach of contract and breach of fiduciary duty against Defendant corporations Jenkens and The Bank Advisory

Group ("BAG," and collectively, "Defendants") relating to a 1997 transaction in which Defendants were retained to assist Amboy in reorganizing into a Subchapter S corporation. Amboy alleges that Defendants' acts and omissions forced Amboy to defend a shareholder class action lawsuit in which Amboy was required to pay damages to former shareholders.

This Court issued a decision on August 13, 2008 resolving several issues in the case, including: granting Jenkens's motion for summary judgment as to damages and claims for breach of contract and breach of fiduciary duty; granting Amboy's *in limine* motion to exclude evidence regarding the personal wealth of its officers, directors and/or shareholders; and denying Jenkens's *in limine* motions as moot.  Currently before the Court is a motion by Amboy requesting that the Court reconsider its Order to the extent that it granted summary judgment on the damages and breach of contract claims, and denied Jenkens's *in limine* motions as moot.

**II.   STANDARD OF REVIEW**

Motions for reconsideration are governed by Local Civil Rule 7.1(i).  See United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  Under Rule 7.1(i), a movant must submit "concisely the matter or controlling decisions which the party believes the [court] has overlooked."  L. Civ. R. 7.1(i).  Motions for reconsideration will be granted only where: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.  Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  Such relief is "an extraordinary remedy" to be granted "sparingly."  See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).

2

**III.    DISCUSSION**

Before the Court is Amboy's motion for reconsideration of the Court's August 13, 2008 Order granting summary judgment on damages and breach of contract, and denying Jenkens's *in limine* motions as moot.  Because Amboy fails to demonstrate a suitable basis for granting reconsideration, its motion is denied.

   A.    *Damages*

Amboy argues that the Court erred in granting Jenkens's motion for partial summary judgment on damages because the Court "erred in its reading of Casey v. Brennan" and "overlooked New Jersey law governing dissenters' rights."  In its decision, the Court held that Jenkens's role in preparing the proxy statement was not a proximate cause of Amboy's damages because the shareholders right to fair compensation exists independently from the proxy statement.  Amboy now challenges this finding as a misunderstanding of Casey and N.J.S.A. 14A: 11-1, arguing that non-statutory dissenters lack a legal right to challenge fair value in the absence of something like a misleading proxy statement to act as an "admission ticket" for such an inquiry.  This argument, however, was considered and rejected by the Court in its initial decision, and is insufficient to warrant reconsideration here.  Similarly, the Court has previously considered the impact of the alleged misleading proxy statement on Amboy's ability to present an estoppel defense, leaving Amboy's argument to the contrary without merit.  Because Amboy has failed to raise an intervening change in the controlling law, evidence that was previously unavailable, or a need to correct a clear error of law or manifest injustice, its motion for reconsideration issue on this basis is denied.  See Max's Seafood Cafe, 176 F.3d at 677.

Amboy further argues that the Court "overlooked" the fact that Jenkens's alleged malpractice involved more than just the proxy statement. In its brief, Amboy lists a series of instances in which Jenkens allegedly provided incorrect advice that caused Amboy to be damaged. All of these instances, however, were raised in the initial briefing and considered by the Court. In any event, they do not constitute evidence previously unavailable that would satisfy the reconsideration standard. See id. Accordingly, Amboy's motion for reconsideration on this ground is denied.

B. *Breach of Contract*

Amboy next argues that the Court erred in dismissing its breach of contract claim because the Court did not address the retainer agreement and because the Court "overlooked" New Jersey law recognizing that a claim for breach of contract can exist separate and apart from a legal malpractice claim. In its initial decision, the Court held that the breach of contract claim was based on the same duty of care as that owed by an attorney to a client, and that the contract claim was subsumed within the malpractice claim. Amboy's arguments here, including the existence of the retainer agreement and case law stating that the two claims can co-exist, were fully considered by the Court in its initial decision and are not a proper basis for reconsideration. Accordingly, because Amboy has failed to raise new evidence, an intervening change in the controlling law, or a clear error of law or manifest injustice requiring reconsideration, Amboy's motion to reconsider the dismissal of their breach of contract claim is also denied. See id.

C. *In limine* Motions

Finally, Amboy requests that the Court reconsider its finding that Jenkens's various *in*

*limine* motions are moot because, Amboy alleges, the underlying evidence remains relevant to the duty, breach and causation elements of its claims.  Again, however, Amboy raises no new evidence, no change in the controlling law, and no clear error of law requiring reconsideration. See id.   Instead, Amboy admits in its brief that it has already "set forth in detail, in each of its opposition briefs, the precise reasons that Jenkens' (sic) [*in limine*] applications should be denied." (Pl.'s Mem. Supp. Reconsid. 13)  Since Amboy does not present a sufficient basis for granting reconsideration, and because the reasons for denying the motions as moot still exist, Amboy's request for reconsideration is denied.

**IV.**   **CONCLUSION**

For the reasons stated, the Court finds that Amboy's motion for reconsideration is **denied**. An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:   November 25 , 2008
cc:   All Counsel of Record
Hon. Mark Falk, U.S.M.J.
File

5