NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMBOY BANCORPORATION, a New Jersey corporation,<br><br>Plaintiff,<br><br>v.<br><br>JENKENS & GILCHRIST, a Professional Corporation; and THE BANK ADVISORY GROUP, INC., a Texas Corporation,<br><br>Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 02-CV-5410 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Plaintiff Amboy Bancorporation ("Plaintiff") for entry of final judgement pursuant to Federal Rule of Civil Procedure 54(b). Summary judgement was granted as to the claims against Defendant Jenkens & Gilchrist ("Jenkens") on August 13, 2008, and Plaintiff asks this Court to certify the summary judgment as "final" pursuant to Rule 54(b). Pursuant to Rule 78 of the Federal Rules of Civil Procedure no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, Plaintiff's motion to enter a final judgment is **denied**.

### I. BACKGROUND

This matter concerns Plaintiff's claims for professional malpractice, breach of contract and breach of fiduciary duty against Defendants Jenkens and The Bank Advisory Group ("BAG," collectively, "Defendants") relating to a 1997 transaction in which Defendants were retained to assist

Plaintiff in reorganizing into a Subchapter S corporation. Plaintiff alleges that Defendants' acts and omissions forced Plaintiff to defend a shareholder class action lawsuit in which it was required to pay damages to former shareholders.

Summary judgement was granted as to Defendant Jenkens on August 13, 2008. On November 16, 2009, Plaintiff moved for an entry of final judgment pursuant to Rule 54(b).

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 54(b), "Judgment on Multiple Claims or Involving Multiple Parties," provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed.R.Civ.P. 54(b).

Rule 54(b) motions are granted only in extraordinary cases. See Anthuis v. Colt Indus. Operating Corp., 971 F.2d 999, 1003 (3d Cir. 1992) (explaining that a party seeking final judgment under Rule 54(b) must convince the district court that the case is "the infrequent harsh case meriting a favorable exercise of discretion."); see also 10 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2656 at 47 ("Despite its apparently broad scope, Rule 54(b) may be invoked only in a relatively select group of cases and applied in an even more limited category of decisions."). A decision to certify a final decision under Rule 54(b) requires a court to find that (1) there has been a final judgment, and (2) there is no just reason for delay. Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 202 (3d Cir. 2006).

To determine whether there is no just reason for delay, "[d]istrict courts are to consider judicial administrative interests, as well as the equities involved in the case." Id.  Among the factors courts consider are:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Id. at 203 (quoting Allis-Chalmers Corp. v. Philadelphia Elec. Co., 521 F.2d 360, 364 (3d Cir. 1975)).  Courts have placed particular emphasis on the first factor, noting that when pending claims share supporting facts with those claims for which a party seeks certification, certification for review is inappropriate because it may potentially result in the inefficient use of the reviewing courts' resources.  See Chalfin v. Beverly Enterprises, Inc., 745 F.Supp. 1117, 1121 (E.D. Pa. 1990).

### III.  DISCUSSION

There is no dispute that this Court's grant of summary judgment in favor of Jenkens constitutes a final judgement.  The Court, then, must determine whether "there is no just reason for delay." Berckeley, 455 F.3d at 202.  In light of the Allis-Chalmers factors, and for the reasons set forth below, entry of final judgement as to the summary judgement is not appropriate.

As Plaintiff acknowledges, the claims between Defendants Jenkens and BAG are legally and factually similar (First and Third Factors).  All claims against Defendants are based upon their alleged breach of contract and various duties owed to Plaintiff during the 1997 corporate reorganization.  See Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 202 (3d Cir. 2006) (denying certification under 54(b), noting that "[c]learly, this is not a case in which plaintiffs have asserted

a factual basis for the remaining defendants' liabilities that is distinct from the basis of plaintiffs' claims against defendant"); Diamond Triumph Auto Glass, Inc. v. Safelite Glass Corp., 2007 U.S. Dist. LEXIS 2094 at *28 (M.D. Pa. Jan. 11, 2007) (noting that an "appellate court would have to analyze the same . . . sets of facts, using substantially the same legal standards in appeals subsequent to the present proposed one."). Further, Defendant BAG has asserted cross-claims and separate defenses against Jenkens. Hogan v. Conrail, 961 F.2d 1021, 1026 (2d Cir. 1992) ("[T]he interrelationship of the dismissed and surviving claims is generally a reason for not granting a Rule 54(b) certification") (internal citations omitted). The avoidance of "piecemeal and duplicative appeals" strongly favors a denial of Rule 54(b) certification in this case. Id. Moreover, as the matter is currently scheduled for trial within two weeks, certification for appeal would delay the disposition of this case (Fifth Factor). See EBC, Inc. v. Clark Bldg. Sys. & Am. Compost Corp., 2008 U.S. Dist. LEXIS 21018 at *6 (W.D. Pa. Mar. 17, 2008). The Court finds that these factors weigh in favor of denying certification of its August 13, 2008 grant of summary judgment.

## IV. CONCLUSION

For the reasons stated, Plaintiff's motion to enter final judgement pursuant to Rule 54(b) is denied.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date: November 18 , 2009
Orig.: Clerk's Office
cc: All Counsel of Record
The Honorable Mark Falk, U.S.M.J.
File